UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 00-6038-CR-ZLOCH

UNITED STATES OF AMERICA,

v.

JEAN E. SIMEON

Defendant.

FILED by _____ D.C.

JUL 0 5 2000

CLARENCE MADDOX
CLERK U.S. DIST. CT.
S.D. OF FLA. FT. LAUD.

### UNITED STATES' PROPOSED JURY INSTRUCTIONS

Pursuant to Rule 30 of the Federal Rules of Criminal Procedure, the United States respectfully requests that the following jury instructions be given at trial in the above-styled cause. The Government further requests that it be allowed to supplement with such additional instructions as may become appropriate based on the trial testimony.

Respectfully submitted,

GUY A. LEWIS
UNITED STATES ATTORNEY

By: _____
BERTHA R. MITRANI
Assistant United States Attorney
Florida Bar No.: 88171
500 E. Broward Blvd., 7th Floor
Fort Lauderdale, Florida 33394-3002
Telephone: (954) 356-7255; EXT. 3511
Facsimile: (954) 356-7336



**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a true and correct copy of the foregoing, including attachments, was served by hand delivery to counsel for defendant, in open Court this 5th day of July, 2000.

BERTHA R. MITRANI
Assistant United States Attorney

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 00-6038-CR-ZLOCH

UNITED STATES OF AMERICA,

v.

JEAN E. SIMEON

    Defendant.
_____/

## COURT'S INSTRUCTIONS
## TO THE JURY

Members of the Jury:

It is now my duty to instruct you on the rules of law that you must follow and apply in deciding this case. When I have finished you will go to the jury room and begin your discussions - - what we call your deliberations.

It will be your duty to decide whether the Government has proved beyond a reasonable doubt the specific facts necessary to find the Defendant guilty of the crime charged in the indictment.

**Eleventh Circuit Pattern Jury Instructions**

**2.2**
**Duty to Follow Instructions**
**Presumption of Innocence**
**(When Any Defendant Does Not Testify)**

You must make your decision only on the basis of the testimony and other evidence presented here during the trial; and you must not be influenced in any way by either sympathy or prejudice for or against the Defendant or the Government.

You must also follow the law as I explain it to you whether you agree with that law or not; and you must follow all of my instructions as a whole. You may not single out, or disregard, any of the Court's instructions on the law.

The indictment or formal charge against any Defendant is not evidence of guilt. Indeed, every Defendant is presumed by the law to be innocent. The law does not require a Defendant to prove innocence or to produce any evidence at all; and if a Defendant elects not to testify, you should not consider that in any way during your deliberations. The Government has the burden of proving a Defendant guilty beyond a reasonable doubt, and if it fails to do so you must find that Defendant not guilty.

**Eleventh Circuit Pattern Jury Instructions**

**3**

**Definition of Reasonable Doubt**

Thus, while the Government's burden of proof is a strict or heavy burden, it is not necessary that a Defendant's guilt be proved beyond all possible doubt. It is only required that the Government's proof exclude any "reasonable doubt" concerning the Defendant's guilt.

A "reasonable doubt" is a real doubt, based upon reason and common sense after careful and impartial consideration of all the evidence in the case.

Proof beyond a reasonable doubt, therefore, is proof of such a convincing character that you would be willing to rely and act upon it without hesitation in the most important of your own affairs. If you are convinced that the Defendant has been proved guilty beyond a reasonable doubt, say so. If you are not convinced, say so.

**Eleventh Circuit Pattern Jury Instructions**

**4.2**

**Consideration of the Evidence, Direct
and Circumstantial - - Argument of Counsel
Comments by the Court**

As I said earlier, you must consider only the evidence that I have admitted in the case. The term "evidence" includes the testimony of the witnesses and the exhibits admitted in the record. Remember that anything the lawyers say is not evidence in the case. It is your own recollection and interpretation of the evidence that controls. What the lawyers say is not binding upon you. Also, you should not assume from anything I may have said that I have any opinion concerning any of the issues in this case. Except for my instructions to you on the law, you should disregard anything I may have said during the trial in arriving at your own decision concerning the facts.

In considering the evidence you may make deductions and reach conclusions which reason and common sense lead you to make; and you should not be concerned about whether the evidence is direct or circumstantial. "Direct evidence" is the testimony of one who asserts actual knowledge of a fact, such as an eye witness. "Circumstantial evidence" is proof of a chain of facts and circumstances tending to prove, or disprove, any fact in dispute. The law makes no distinction between the weight you may give to either direct or circumstantial evidence.

**Eleventh Circuit Pattern Jury Instructions**

5

**Credibility of Witnesses**

Now, in saying that you must <u>consider</u> all of the evidence, I do not mean that you must <u>accept</u> all of the evidence as true or accurate. You should decide whether you believe what each witness had to say, and how important that testimony was. In making that decision you may believe or disbelieve any witness, in whole or in part. Also, the number of witnesses testifying concerning any particular dispute is not controlling.

In deciding whether you believe or do not believe any witness I suggest that you ask yourself a few questions: Did the witness impress you as one who was telling the truth? Did the witness have any particular reason not to tell the truth? Did the witness have a personal interest in the outcome of the case? Did the witness seem to have a good memory? Did the witness have the opportunity and ability to observe accurately the things he or she testified about? Did the witness appear to understand the questions clearly and answer them directly? Did the witness's testimony differ from other testimony or other evidence?

**Eleventh Circuit Pattern Jury Instructions**

**6.1**

**Impeachment - - Inconsistent Statement**

You should also ask yourself whether there was evidence tending to prove that a witness testified falsely concerning some important fact; or, whether there was evidence that at some other time a witness said or did something, or failed to say or do something, which was different from the testimony the witness gave before you during the trial.

You should keep in mind, of course, that a simple mistake by a witness does not necessarily mean that the witness was not telling the truth as he or she remembers it, because people naturally tend to forget some things or remember other things inaccurately. So, if a witness has made a misstatement, you need to consider whether it was simply an innocent lapse of memory or an intentional falsehood; and the significance of that may depend on whether it has to do with an important fact or with only an unimportant detail.

**Eleventh Circuit Pattern Jury Instructions**

7

**Expert Witnesses**

When knowledge of a technical subject matter might be helpful to the jury, a person having special training or experience in that technical field is permitted to state an opinion concerning those technical matters.

Merely because such a witness has expressed an opinion, however, does not mean that you must accept that opinion. The same as with any other witness, it is up to you to decide whether to rely upon it.

**Eleventh Circuit Pattern Jury Instructions**

5

**Notetaking**

In this case you have been permitted to take notes during the course of the trial, and most of you - - perhaps all of you - - have taken advantage of that opportunity and have made notes from time to time.

You will have your notes available to you during your deliberations, but you should make use of them only as an aid to your memory. In other words, you should not give your notes any precedence over your independent recollection of the evidence or the lack of evidence; and neither should you be unduly influenced by the notes of other jurors.

I emphasize that notes are not entitled to any greater weight than the memory or impression of each juror as to what the testimony may have been.

**Eleventh Circuit Pattern Jury Instructions**

**9.1**

**On or About - - Knowingly - - Willfully**

You will note that the indictment charges that the offense was committed "on or about" a certain date. The Government does not have to prove with certainty the exact date of the alleged offense. It is sufficient if the Government proves beyond a reasonable doubt that the offense was committed on a date reasonably near the date alleged.

The word "knowingly," as that term is used in the indictment or in these instructions, means that the act was done voluntarily and intentionally and not because of mistake or accident.

The word "willfully," as that term is used in the indictment or in these instructions, means that the act was committed voluntarily and purposely, with the specific intent to do something the law forbids; that is with bad purpose either to disobey or disregard the law.

**18 U.S.C. § 1711**

**MISAPPROPRIATION OF POSTAL FUNDS**

Title 18, U.S. Code, Section 1711 makes it a federal crime or offense for Postal Service employees to convert to their own use money or property belonging to the United States Postal Service.

The Defendants can be found guilty of that offense, that is the Defendants can be found guilty of the offense charged in Count 1 of this indictment, only if all of the following facts are proved beyond a reasonable doubt.

First: That the Defendants were Postal Service employees at the time stated in the indictments;

Second: That as Postal Service employees, the Defendants had been entrusted with or had come into possession of the money or property belonging to the United States Postal Service described in the indictment; and

Third: That the Defendants thereafter knowingly and willfully converted such money or property to their own use.

## 18 U.S.C. § 500

### (Fraudulently Issuing a Money Order)

Title 18, U.S. Code, Section 500 makes it a federal crime or offense for anyone to issue any money order without having previously received or paid the full amount of money payable therefor, with the purpose of fraudulently obtaining from the United States or Postal Service any sum of money

The Defendants can be found guilty of the offense charged in Counts 2 through 43 of this indictment, only if all of the following facts are proved beyond a reasonable doubt.

First, that the defendant issued a money order or postal note without having previously received or paid the full amount of money payable on the order or note;

Second, that the defendant did so for the purpose of obtaining or receiving money from the United States or its agents or employees; and

Third, that the defendant did so with the intent to defraud the United States.

To act with intent to defraud means to act knowingly and with the specific intent to deceive, ordinarily for the purpose of causing some financial loss or bringing about some financial gain to one's self.

If you find from your consideration of all the evidence that each of these propositions has been proved beyond a reasonable doubt, then you should find the defendant guilty.

If, on the other hand, you find from your consideration of all the evidence that any one of these propositions has not been proved beyond a reasonable doubt, then you should find the defendant not guilty.

**Eleventh Circuit Pattern Jury Instructions**

11

**Duty to Deliberate**

Any verdict you reach in the jury room, whether guilty or not guilty, must be unanimous. In other words, to return a verdict you must all agree. Your deliberations will be secret; you will never have to explain your verdict to anyone.

It is your duty as jurors to discuss the case with one another in an effort to reach agreement if you can do so. Each of you must decide the case for yourself, but only after full consideration of the evidence with the other members of the jury. While you are discussing the case do not hesitate to reexamine your own opinion and change your mind if you become convinced that you were wrong. But do not give up your honest beliefs solely because the others think differently or merely to get the case over with.

Remember, that in a very real way you are judges - - judges of the facts. Your only interest is to seek the truth from the evidence in the case.

**Eleven Circuit Pattern Jury Instructions**

12

**Verdict**

When you go to the jury room you should first select one of your members to act as your foreperson. The foreperson will preside over your deliberations and will speak for you here in court.

A form of verdict has been prepared for your convenience.

[Explain verdict]

You will take the verdict form to the jury room and when you have reached unanimous agreement you will have your foreperson fill in the verdict form, date and sign it, and then return to the courtroom.

If you should desire to communicate with me at any time, please write down your message or question and pass the note to the marshal who will bring it to my attention. I will then respond as promptly as possible, either in writing or by having you returned to the courtroom so that I can address you orally. I caution you, however, with regard to any message or question you might send, that you should not tell me your numerical division at the time.