UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.  00-6038-CR-ZLOCH

RECEIVED & FILED IN OPEN COURT
ON  July 10, 2000  AT
Ft. Lauderdale , FLA.
Clarence Maddox, Clerk
United States District Court
Southern District of Florida

UNITED STATES OF AMERICA,          :
                                   :
v.                                 :
                                   :
JEAN E. SIMEON,                    :
                                   :
        Defendant.                 :
_____/

## UNITED STATES' MOTION IN LIMINE

The United States of America, by and through the undersigned Assistant United States

Attorney, respectfully moves this Honorable Court for an Order barring defense counsel from

soliciting from the Government's witness, Inspector Irving Wilbert, any testimony regarding a

written statement he received from an individual named Nathan Sieglen, on the grounds that the

statement is hearsay and thus not admissible under Rule 802 of the Federal Rules of Evidence.

Likewise, the United States respectfully requests an Order barring defense counsel from referring

to and introducing the written statement on the grounds that the written statement is hearsay.  The

grounds for this motion are as follow:

1.      On or about February 17, 1999, in connection with this investigation, Inspector Wilbert

        sent a questionnaire  to individuals who may have purchased the money orders which are

        at issue in this case.

2.      Mr. Sieglen returned the questionnaire and indicated that he had purchased Money Order

        6754892388 (Count 33) from a "postal clerk white male and he had to get the form from

        the white clerk next to him."

3.      Mr. Sieglen's unsworn statements are classic hearsay and thus, it would be improper to



solicit them from Inspector Wilbert.

4.      Likewise, the questionnaire itself is not admissible. It is not a postal record kept in the

ordinary course of business nor was the record made at or near the acts or events

appearing on it. Moreover, the statements contained in the questionnaire are hearsay.

5.      Accordingly, because Mr. Sieglen's statement that he purchased the questioned money

order from "a white male clerk who received a form from another white male clerk" is

hearsay, defense counsel should be barred from soliciting any information from Inspector

Wilbert regarding these statements or from moving the statement in evidence.

WHEREFORE, the United States respectfully requests that the Court issue an Order

barring defense counsel from soliciting hearsay statements from Inspector Wilbert and from

attempting to introduce into evidence questionnaire which Nathan Sieglen returned to the

inspector.

Respectfully submitted,

GUY A. LEWIS
UNITED STATES ATTORNEY

By:    _____

BERTHA R. MITRANI
Assistant United States Attorney
Florida Bar No.: 88171
500 E. Broward Blvd., 7th Floor
Fort Lauderdale, Florida  33394-3002
Telephone: (954) 356-7255; Ext. 3511
Facsimile: (954) 356-7336

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a true and correct copy of the foregoing was served by hand

delivery to counsel for defendant, Patrick Hunt, in open Court this 10th day of July, 2000.


BERTHA R. MITRANI
Assistant United States Attorney