UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 00-6308-CIV-ROETTGER/SORRENTINO
(90-6174-CR-ROETTGER)

EDDIE WRIGHT,                          :
                                       :
                Movant,                :
                                       :           **NIGHT BOX
                                       :            FILED**
        v.                             :
                                       :           SEP - 5 2000
UNITED STATES OF AMERICA,              :
                                       :           CLARENCE MADDOX
                Respondent.            :        CLERK, USDC / SDFL / FTL
_____/

#### GOVERNMENT'S SUPPLEMENTAL RESPONSE TO
#### SUPPLEMENT TO MOVANT'S §2255 MOTION

The United States of America, by and through its undersigned
Assistant United States Attorney, hereby responds to movant's
supplement to his §2255 motion as follows:

1. The government filed its response to movant's §2255 motion
on May 5, 2000 (CV-DE 9). Subsequent thereto, movant sought leave
of this Court to supplement his §2255 motion (CV-DE 12, 13). On
July 12, 2000, Magistrate Judge Sorrentino granted movant's motion
to supplement (CV-DE 15, 16). On August 1, 2000, Magistrate Judge
Sorrentino ordered the government to file a response to movant's
supplement to his §2255 motion on or before September 2, 2000.[1]

2. As the government stated in its original response,
movant's current §2255 motion is successive. Movant's conviction
was affirmed on appeal and became final on or about March 1, 1994
when the time for filing a petition for a writ of certiorari

---

[1] Because September 2, 2000 is a Saturday, the government's
response is due on or before September 5, 2000.

expired. Following the enactment of the Anti-Terrorism and Effective Death Penalty Act of 1996 (AEDPA) on April 24, 1996, movant filed his first §2255 motion on October 11, 1996 (CR-DE 118, Case No. 96-7171-CIV-ROETTGER). That §2255 motion was considered as having been timely filed because it was filed within the one-year grace period subsequently recognized by the Eleventh Circuit Court of Appeals in Goodman v. United States, 151 F.3d 1335 (11th Cir. 1998).[2]

3. Movant filed this second §2255 motion on March 1, 2000 (CV-DE 1). Movant did not first obtain certification from the Eleventh Circuit as required by 28 U.S.C. §2255 before filing this second motion.[3] Accordingly, this Court does not have jurisdiction

_____

[2] Movant's first §2255 motion raised a claim pursuant to the Supreme Court's decision in Bailey v. United States, 116 S.Ct. 501 (1995). On May 21, 1997, this Court granted the motion to vacate and vacated movant's conviction on Count II (CR-DE 122). On October 24, 1997, movant was re-sentenced on Count I to 292 months' imprisonment (CR-DE 124).

[3] 28 U.S.C. §2255 provides, in relevant part, as follows:

> A second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals to contain-
>
> > (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or
> >
> > (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme

-2-

to consider the motion.

4.    Movant is clearly not entitled to file a second or successive §2255 motion on the legal basis alleged.  Movant seeks vacation of his conviction because the jury was not instructed to determine the type or quantity of drug involved in the offense, and therefore his sentence was improperly enhanced.  The supplement to his §2255 motion cites the recent Supreme Court decision in Apprendi v. New Jersey, 120 S.Ct. 2348 (2000) in support of his claim.

The Eleventh Circuit has just rejected an application from a defendant to file a second or successive §2255 on the same basis urged by movant here; i.e., the Apprendi decision.    In In Re: Joshua, ___ F.3d ___ (2000 WL 1227966 (11th Cir. 8/30/00)), the Eleventh Circuit held that, because the Supreme Court has not declared Apprendi to be retroactive to cases on collateral review, a request to file a second or successive §2255 motion on that basis does not satisfy the requirements of 28 U.S.C. §2255 for filing successive motions.  Accordingly, the Eleventh Circuit denied the application.

Thus, even if movant were to file an application with the Eleventh Circuit to file a second or successive §2255 motion based on the holding in Apprendi, his application would be denied in accordance with the holding in In Re: Joshua as set forth above.

---

Court,    that    was    previously unavailable.

-3-

CONCLUSION

For the reasons set forth herein, as well as in the government's original response, movant's second Motion to Vacate, Set Aside or Correct Sentence pursuant to 28 U.S.C. §2255 should be dismissed for his failure to obtain the required authorization from the Eleventh Circuit Court of Appeals for filing a second or successive §2255 motion.

Respectfully submitted,

GUY A. LEWIS
UNITED STATES ATTORNEY

BY: _Laurence M Bardfeld_
LAURENCE M. BARDFELD
ASSISTANT UNITED STATES ATTORNEY
FLORIDA BAR NO. 712450
500 E. BROWARD BOULEVARD
FT. LAUDERDALE   FL   33394
TEL. NO. (954) 356-7254
FAX NO. (954) 356-7336

CERTIFICATE OF SERVICE

This is to certify that a copy of the within and foregoing response has been mailed, postage pre-paid, this 5th day of September, 2000, to: Eddie Wright, Reg. No. 28939-004 (Unit C), FCI, 15801 SW 137th Avenue, P.O. Box 779800, Miami, Florida, 33177.

_Laurence M Bardfeld_
LAURENCE M. BARDFELD
ASSISTANT UNITED STATES ATTORNEY

-4-